UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KENTA SUE PRIDDY                                CIVIL ACTION

VERSUS                                          NO: 09-3669

WAL-MART STORES, INC., ET AL.                   SECTION: R(1)

### ORDER AND REASONS

Before the Court are defendant Wal-Mart Stores, Inc.'s opposed motion for summary judgment[1] and defendant Clifford-Lee & Associates's unopposed motion for summary judgment.[2]  Because there are genuine issue of material fact as to whether Wal-Mart had constructive notice of a reasonably foreseeable harm, the Court DENIES Wal-Mart's motion.  The Court GRANTS Clifford-Lee's motion, however, because Priddy has provided no evidence that Clifford-Lee was responsible for the hazardous condition that allegedly caused her to slip and fall.

I.   BACKGROUND

Plaintiff Kenta Sue Priddy alleges that she slipped and fell in a Wal-Mart store located at 1616 W. Airline Highway, LaPlace,

---

[1]   (R. Doc. 37.)

[2]   (R. Doc. 35.)

Louisiana.[3]  On May 30, 2008, Priddy was walking with her grandson in the quilting aisle of the store when she slipped on a puddle of water.  According to Priddy's deposition testimony, the puddle was approximately 16 inches in diameter and appeared to be clean, with no footprints or buggy marks.[4]  Priddy testified that, following her fall, she walked to the front of the store and spoke with the store manager, Rodriguez Spikes, in order to fill out an accident report.[5]  Priddy further testified that she and Rodriguez returned to the puddle approximately seven minutes after her fall, where she and Spikes observed drops of water falling into the puddle from the ceiling at a rate of approximately one drop per 30 seconds.[6]  Spikes, for his part, testified that he did not observe any water dripping from the ceiling when he went with Priddy to the site of her fall.[7]  It is undisputed that no Wal-Mart employee was aware of the puddle at the time Priddy slipped and fell.

   On May 7, 2009, Priddy sued Wal-Mart in the Fortieth Judicial District Court for the Parish of St. John the Baptist, Louisiana for the damages she suffered as a result of Wal-Mart's

---

[3]    (R. Doc. 1-2 at 1.)

[4]    (R. Doc. 47-1 at 67-68.)

[5]    (*Id.* at 73-74

[6]    (*Id.* at 75-77.)

[7]    (R. Doc. 47-3 at 27.)

alleged negligence.[8]  She seeks damages in an amount to be determined by the evidence plus interest for all costs from the proceedings and any other general and equitable relief.[9]  On May 28, 2009, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction.[10]  Priddy filed an amended complaint on December 18, 2009, adding Clifford-Lee – a roof-repair company that performed work on the LaPlace Wal-Mart store – as a defendant.[11]  Priddy alleges that Clifford-Lee is liable for failing to keep the store in a safe condition; allowing a dangerous condition to remain for an unreasonable amount of time; failing to maintain and inspect the actions of its agents and/or employees; failing to warn and remedy a hazardous condition; and failing to properly repair the roof of the store.[12]

Wal-Mart and Clifford-Lee now move for summary judgment on the grounds that there are no material disputes of fact and that they are entitled to judgment as a matter of law.[13]  Priddy opposes Wal-Mart's motion.[14]

---

[8]  (R. Doc. 1-2.)

[9]  (*Id.*)

[10]  (R. Doc. 1.)

[11]  (R. Doc. 20.)

[12]  (*Id.* at 1-2.)

[13]  (R. Doc. 35; R. Doc. 39.)

[14]  (R. Doc. 47.)

**II.   LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th

Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

**A.   Wal-Mart's Motion for Summary Judgment**

To establish a defendant's negligence under Louisiana law, a plaintiff must show: "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the defendant; [and] (4) the risk of harm was within the scope of protection afforded by the duty breached." *Peterson v. Gibralter Savings & Loan*, 733 So.2d 1198, 1203-04 (La. 1999).  In addition, under La. Rev. Stat. § 9:2800.6, when a plaintiff falls on a merchant's premises, he or she bears the additional burden of proving:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.  In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. § 9:2800.6(B); *see also Cates v. Dillard Dept. Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010) (explaining that Louisiana slip and fall actions against merchants are governed by La. Rev. Stat. § 9:2800.6).  The statute goes on to define what is meant by "constructive notice":

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. Rev. Stat. § 9:2800.6(c)(1). In *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997), the Louisiana Supreme Court explained that, in order to establish constructive notice, a claimant must make a "positive showing" of the existence of the hazardous condition for "some time" before the fall. *Id.* at 1084. "Whether the period is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *Id.*

In support of its motion for summary judgment, Walmart argues that Priddy has failed to make a "positive showing" that the spill existed for "some time" before her fall as required by La. Rev. Stat. § 9:2800.6.[15] Priddy, however, testified that the puddle was approximately 16 inches in diameter at the time she fell and that she observed a drops falling from the ceiling into the puddle at a rate of approximately one drop per 30 seconds.[16] Although the size of the spill alone is insufficient to support

---

[15]   (R. Doc. 39-2 at 7-9.)

[16]   (R. Doc. 47-1 at 75-77.)

an inference of constructive notice, see *Allen v. Wal-Mart Stores, Inc.*, 850 So.2d 895, 898 (La. Ct. App. 2003), if the puddle were created by a slow drip, as Priddy testified, one could infer that the condition existed for a sufficient amount of time for Wal-Mart to have been put on constructive notice. *See id.* (noting that the passage of "some time" could have been inferred if the liquid "spilled slowly on one spot of the floor"); *Smart v. Winn-Dixie of Louisiana, Inc.*, 742 So.2d 1062, 1065 (La. Ct. App. 2000) (remanding based on plaintiff's testimony that the spill was caused by a slow leak from a two-liter soft drink bottle, "which, if proven at trial, supports his contention that the puddle of liquid existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care"), *writ denied*, 752 So.2d 870 (La. 2000).

Wal-Mart further argues that Priddy's testimony regarding the source of the spill could not be used to provide constructive notice because Priddy also testified that she did not believe it was raining at the time she was shopping at Wal-Mart.[17] Yet, Wal-Mart ignores that the drip could have resulted from an earlier accumulation of water on the roof or in the ceiling of the store. Nor is it determinative, as Wal-Mart contends,[18] that

---

[17]   (R. Doc. 51 at 3.)

[18]   (*Id.* at 3-4.)

Priddy did not notice the source of the water until after she returned to the site of the fall with Spikes approximately seven minutes later.  "The length of time the puddle existed is clearly in dispute and can only be determined by a factfinder at trial." *Smart*, 742 So.2d at 1065.

Finally, relying on *Roberts v. Hartford Fire Ins. Co.*, 926 So.2d 121 (La. Ct. App. 2006), Wal-Mart argues that Priddy cannot establish that the puddle existed for some time before the fall because the puddle was small and because Priddy acknowledged at her deposition that it appeared clean, clear, and without footprints or buggy marks.[19]  *See id.* at 126-27 (reversing the district court's finding of liability because of the size of the puddle, approximately 12 x 16 inches, and because of the absence of footprints or buggy marks "tend[ed] to support the conclusion that the puddle had not been on the floor for very long").  In *Roberts*, however, there was testimony that the water accumulated relatively quickly as a result of a blocked drain underneath a refrigerated display case.  *See id.* at 126.  In this case, by contrast, Priddy testified that the puddle appeared to be caused by the slow drip of water from Wal-Mart's ceiling.  A factfinder could conclude, given Priddy's testimony regarding the rate at which the drops were falling into the puddle, that the puddle existed for such a period of time that Wal-Mart would have

---

[19]    (*Id.* at 4-5.)

discovered it by the exercise of ordinary care. *See Rodgers v. Food Lion, Inc.*, 756 So.2d 624, 628 (La. Ct. App. 2000) (affirming the district court's finding of liability based on, *inter alia*, a "slow leak" from a wine bottle) (citing *Smart*, 742 So.2d at 1062). *Compare Babin v. Winn-Dixie Louisiana*, 764 So.2d 37, 38, 40 (La. 2000) (reversing the district court's finding of liability because plaintiff provided no evidence whatsoever of how long the hazardous condition existed prior to the fall). Moreover, Priddy testified that the puddle was located on a side-aisle of the store, the quilting aisle, as opposed to a main thoroughfare. That the puddle was clear and without footprints or buggy marks is not conclusive as to the amount of time it existed on the floor prior to Priddy's fall.

For these reasons, the Court finds that there is a genuine issue of material fact as to whether Wal-Mart had constructive notice of the puddle on which Priddy slipped and that summary judgment is therefore inappropriate.[20]

**B.   Clifford-Lee's Motion for Summary Judgment**

In support of its motion for summary judgment, Clifford-Lee argues that it cannot be held liable for negligence because,

---

[20] Because the Court finds that summary judgment is not appropriate, it does not address Priddy's argument that she is entitled to an adverse presumption regarding the allegedly misplaced photographs taken by Spikes following Priddy's fall.

although it has performed roof repair on the Wal-Mart store in issue, it has never performed work on the section of the roof above the quilting aisle, where Priddy claims the roof was leaking.[21] Clifford-Lee submits the affidavit of Tony Rodriguez, a Clifford-Lee technician, which states that Rodriguez "examined all records pertaining to the repair and maintenance of the Wal-Mart Store involved in this litigation and can attest that no repairs were ever made in any area of the roof near where plaintiff alleges injury; specifically, at or near the quilting department."[22] Rodriguez's affidavit also states that Rodriguez visited the store on June 2, 2010 and confirmed that there were no repairs to the roof performed in the area where Priddy slipped.[23] Rodriguez's account is supported by the affidavit of Tony Clark, an engineer employed by Rimkus Consulting.[24] Clark similarly avers that, after inspecting the roof of the Wal-Mart store, "there exists no evidence of any repair to the roof, nor interior roofing structures at or near the area where plaintiff claims injury."[25] Clifford-Lee also submits its maintenance and repair records for the Wal-Mart store, along with an affidavit by

---

[21] (R. Doc. 35-1 at 2-3.)

[22] (R. Doc. 35-5 at 1.)

[23] (*Id.* at 2.)

[24] (R. Doc. 35-6 at 1.)

[25] (*Id.* at 2.)

Christina Bishop, a Clifford-Lee employee, who attests that Clifford-Lee has no additional records for the Wal-Mart store other than those it submitted.[26]  A review of those records reveals no indication that Clifford-Lee engaged in roof-repair in the specific area over the quilting aisle.[27]

Priddy has submitted no response to Clifford-Lee's motion for summary judgment.  Moreover, the record does not contain any evidence to suggest that Clifford-Lee's roof repair was the cause-in-fact of the puddle in the Wal-Mart store.  Accordingly, there is no genuine issue of material fact as to whether Clifford-Lee was negligent, and summary judgment is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, Wal-Mart's motion for summary judgment is DENIED, and Clifford-Lee's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 22nd day of February, 2011.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[26]     (R. Doc. 35-7.)

[27]     (*Id.*)